# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN KEITH BRAGG,** | Civil Action No. 16-8751 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **JENNIFER PETRILLO, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by Plaintiff's filing of a Complaint, a Motion for a Temporary Restraining Order ("TRO"), and an Amended Complaint. (ECF Nos. 1, 3, 7.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.)

Federal law requires this Court to screen Plaintiff's Complaint and Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

At the time he filed his Original Complaint, Plaintiff was incarcerated at Mercer County Correctional Center ("MCCC"). Plaintiff's Original Complaint and motion for a TRO (ECF Nos. 1, 3) alleged that Defendants Jennifer Petrillo and Patricia Hundley, who are medical personnel at MCCC, violated Plaintiff's civil rights by providing inadequate medical care; Plaintiff sought only injunctive relief. (*See id.*) Plaintiff specifically sought a court order requiring Defendants to send Plaintiff to an outside specialist for an examination and/or colonoscopy due to unexplained bleeding from his rectum. (ECF No. 1, Compl. at 6; ECF No. 3, TRO Application at 1-2.)

Plaintiff subsequently provided a notice of change of address, informing the Court that he was no longer incarcerated at MCCC (ECF No. 4); his most recent notice of change of address states that he is currently incarcerated at Northern State Prison, which is a state facility. (ECF No. 12.)

Because Plaintiff sought only injunctive relief in his Original Complaint, the Court will dismiss the Original Complaint as moot in light of Plaintiff's transfer to a state prison and will likewise deny his motion for a TRO. Generally, requests for injunctive relief for claims involving adverse prison administrative actions, regardless of their possible merits, become moot once the prisoner is no longer subject to the challenged action. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993) (vacating injunctive relief ordered by district court in favor of inmate in Delaware's Maximum Security Unit who had been released from the unit five months prior to trial; after the date of the inmate's release from the maximum security unit, "the district court could not provide [him] with meaningful relief by entering an injunctive order respecting the [maximum security unit] in which [he] no longer was incarcerated"); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from prison mooted claim for injunctive and declaratory relief with respect to prison conditions, but not claim for damages); *Prater v. City of Philadelphia*, 542 F. App'x 135, 138 (3d Cir. 2013) ("to the extent that Prater's complaint seeks prospective injunctive relief, the Sixth Amendment claim is moot, as Prater is no longer housed at CFCF." (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

That is not the end of the matter, however, as Plaintiff submitted an Amended Complaint on April 12, 2017. [1] (ECF No. 7.) In his Amended Complaint Plaintiff alleges that Defendant

---

[1] As a general matter, an amended complaint "'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *W. Run Student Hous. Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013)

Petrillo violated his civil rights by enacting a "policy" of conducting Plaintiff's medical exams at MCCC in the presence of Defendant John Doe corrections officers. (ECF No. 7, Compl. ¶ 7.) Plaintiff clarifies that MCCC does not have a policy, written or otherwise, requiring correctional personnel to be present during medical examinations. (*Id.* at ¶ 8.) Plaintiff further alleges that he poses no security risk at MCCC that would justify the presence of the corrections officers. (*Id.* at ¶ 9.) Plaintiff also alleges that the John Doe corrections officers subsequently told inmates and other corrections personnel that Plaintiff suffers from hemorrhoids. Plaintiff contends that this disclosure caused inmates and corrections officers to harass and torment him. (*Id.* at ¶ 12.) When Plaintiff asked Defendant Petrillo why corrections officers must be present during his exams, Petrillo allegedly told Plaintiff that "as long as [Plaintiff] keep[s] filing grievances and lawsuits against [Petrillo] and her medical staff, [Plaintiff would] have no legal right to medical privacy as long as she is the medical director at [MCCC]." (*Id.* at ¶ 14.)

The Court construes Plaintiff's Amended Complaint to allege violations of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that (1) Defendant Petrillo and the John Doe Defendants violated his Fourteenth Amendment right to medical privacy; and that (2) Defendant Petrillo violated Plaintiff's First Amendment rights by denying him medical privacy

---

(citing *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (emphasis added); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*; *see also Stevenson v. County Sheriff's Office of Monmouth*, No. 13-5953, 2015 WL 512423, at *8 n.2 (D.N.J. Feb. 6, 2015) (explaining same). Although Plaintiff alleges in the Original Complaint that he was provided with inadequate medical care, the Court does not construe Plaintiff to allege a claim of inadequate medical care in his Amended Complaint, as his Amended Complaint provides no facts regarding the adequacy of the care he received and does not clearly incorporate the earlier pleading. Rather, as explained in this Memorandum and Order, the Amended Complaint focuses on alleged violations of his right to medical privacy and acts of retaliation.

in retaliation for his filing of grievances.[2]  The Court will permit these claims to proceed at this time against Defendant Petrillo and the John Doe Defendants.

It appears that Plaintiff is also attempting to state a claim for conspiracy under § 1983.  In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1983 a plaintiff "must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right." *Fioriglio v. City of Atlantic City*, 996 F. Supp. 379, 385 (D.N.J. 1998)).  Here, Plaintiff has not sufficiently alleged agreement or concerted action.  As such, the Court will dismiss this claim without prejudice as to all Defendants.

Although it is not entirely clear, Plaintiff may also be attempting to state a *Monell* claim against Defendant Petrillo and the County of Mercer based on Defendant Petrillo's "policy" of requiring Plaintiff to be examined in front of corrections officers.  Under § 1983, a municipality may be held liable when it causes a constitutional violation through the implementation of a policy, custom, or practice.  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) (emphasis added); *see also Adamo v. Jones*, No. CV 15-1073 (MCA), 2016 WL 356031, at *11 (D.N.J. Jan. 29, 2016).  As explained by the Third Circuit in *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003), "[n]ot all state action rises to the level of a custom or policy. A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir.1996)). "A custom is an act "that has not

---

[2] Although Plaintiff mentions "state law claims" at the end of his Amended Complaint (ECF No. 7, Am. Compl. at ¶ 34), he does not specify what these state law claims are, and the Court does not construe Plaintiff to raise any state law claims for relief.  Any state law claims must be raised by way of a second amended complaint.

been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Here, Plaintiff alleges that Dr. Petrillo enacted a "policy" requiring Plaintiff to be examined in the presence of non-medical personnel, but he does not sufficiently allege that Petrillo is a final policymaker or that the practice at issue was so widespread as to have force of law. In fact, he appears to allege that Petrillo's conduct contravened the policies at MCCC, which do not require corrections officers to be present during inmates' medical examinations. As such, although the Court will permit the First and Fourteenth Amendment claims, described above, to proceed against Defendant Petrillo, the Court will dismiss without prejudice Plaintiff's policy or custom claim under *Monell* against Petrillo and the County of Mercer.

**IT IS** therefore on this 19th day of July, 2017,

**ORDERED** that the Original Complaint (ECF No. 1) is dismissed as MOOT due to Plaintiff's transfer from MCCC; and it is further

**ORDERED** that the Plaintiff's motion for a TRO (ECF No. 3) is likewise denied as MOOT; and it is further

**ORDERED** that the Clerk of the Court shall terminate Defendant Patricia Hundley from the docket as there are no live claims against this Defendant; and it is further

**ORDERED** that the Clerk of the Court shall file the Amended Complaint; and it is further

**ORDERED** that the Fourteenth Amendment medical privacy claim, as stated in the Amended Complaint, shall PROCEED against Defendants Petrillo and the John Doe Defendants at this time; and it is further

**ORDERED** that the First Amendment retaliation claim, as stated in the Amended Complaint, shall PROCEED against Defendant Petrillo at this time; and it is further

**ORDERED** that the § 1983 conspiracy claim, as stated in the Amended Complaint, is dismissed WITHOUT PREJUDICE as to all Defendants; and it is further

**ORDERED** that the *Monell* claim is dismissed WITHOUT PREJUDICE as to Defendant Petrillo and the County of Mercer; and it is further

**ORDERED** that Plaintiff may submit a second amended complaint within 30 days with respect to the claims that the Court has dismissed without prejudice; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[3]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

*s/Freda L. Wolfson*
Freda L. Wolfson
United States District Judge

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.